UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANA GISCOME AND CIARA LOVELANCE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GRANDEHO'S INCORPORATED and DOES 1-10,<br><br>    Defendants. | Case No.: 13-cv-03308-YGR<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, REFERRING MATTER FOR ADR PHONE CONFERENCE, AND CONTINUING CASE MANAGEMENT CONFERENCE** |

Defendant Grandeho's Inc. has filed a Motion to Dismiss (Dkt. No. 17), which Plaintiffs have opposed (Dkt. No. 22). Defendant argues that Plaintiffs have failed to state facts sufficient to support their claims for violation of the Americans With Disabilities Act (42 U.S.C. section 12101, *et seq.*), the Unruh Civil Rights Act (Cal. Civ. Code sections 51–53), and the California Disabled Persons Act (Cal. Civ. Code sections 54–54.8) ("hereafter, "ADA," "Unruh CRA," and "CDPA," respectively). Specifically, Defendant argues that "[r]efusal to move tables is not in and of itself a violation of federal and state codes addressing disability." (Motion at 3.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** Defendant's Motion to Dismiss.[1]

I.    **BACKGROUND**

Plaintiffs Giovana Giscome and Ciara Lovelace are California residents with physical disabilities. (First Amended Complaint for Damages and Injunctive Relief ["FAC"] [Dkt. No. 16] ¶¶ 1–2.) Both use a wheelchair for mobility. (*Id.*) Defendant is the owner and operator of

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this Motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing scheduled for December 3, 2013.

Sunflower Restaurant in San Francisco. (*Id.* ¶ 3.) Plaintiffs went to Sunflower Restaurant with a group of six persons; three persons in their party were in wheelchairs. (*Id.* ¶ 11.) Plaintiffs allege there was not room for their group to sit and eat together in the restaurant "without some modifications to the eating space." (*Id.*) "The [P]laintiffs requested that the [D]efendant[] push some tables together and otherwise modify their standard practice, procedure or policy to accommodate their group." (*Id.*) Plaintiffs allege this was a reasonable requested modification, which would have permitted Plaintiffs the ability to enjoy their meal by eating together with their entire group. (*Id.* ¶¶ 10, 12.) However, Defendant "denied the request and refused to accommodate [them]." (*Id.* ¶ 13.)

## II.   DISCUSSION

In Defendant's Motion[2], it cites congressional findings underlying the ADA and argues that it was not intended to cover conduct such as a failure or refusal to "mov[e] tables together." (Motion at 3–4.) Similarly, citing statutory language of the Unruh CRA and CDPA, Defendant argues that moving tables does not violate either statute. (*See* Motion at 5–6 ("Refusal to move tables because they were designated for a different use, directed to any customer, whether the customer is disabled or not, is not an act of negligence. Defendant does not owe a duty to Plaintiffs or other persons to move its tables at their demand. Each restaurant has the right to refuse service to anyone and that includes moving tables that are to be used for some other purpose then [*sic*] for that use of customers.") (citing no authority).)

Plaintiffs respond that they have stated claims under the ADA, Unruh CRA, and CDPA.[3] Plaintiffs identify six elements required to state a claim for failure to modify or accommodate under the ADA:

---

[2] Defendant also filed a Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint, asking the Court to take judicial notice of the prior complaint and the operative First Amended Complaint in this action. (*See* Dkt. Nos. 17-2–17-4.) The Court **DENIES** this request as unnecessary. The Court need not take judicial notice of documents in the court record.

[3] Under the Unruh CRA, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Similarly, the CDPA states that "[a] violation of the right of an individual under the Americans with Disabilities Act of 1990 . . . also constitutes a violation of this section, and nothing

2

1. The plaintiff is a person with a disability;
2. The defendant is the owner or operator of a place of public accommodation;
3. The plaintiff made a request for the modification of policies, practices or procedures.
4. The requested modification was reasonable;
5. The requested modification was necessary to afford the same advantages or privileges or accommodations to persons with disabilities; and
6. The defendant refused to grant the request.

(Opposition at 3 (citing 42 U.S.C. §§ 12182(a) & (b)(2)(A)(ii)).). Plaintiffs specifically identify the allegations in the FAC supporting each element. Moreover, Plaintiffs refer to 28 C.F.R. section 36.304, which states that public accommodations shall remove architectural barriers in facilities when such removal is "readily achievable." 28 C.F.R. § 36.304(a). In addition, section 36.304(b)(4) specifically lists "[r]earranging tables" as an "example[] of steps [that may be taken] to remove barriers."[4]

The Court agrees with Plaintiffs that they have stated a claim under the ADA and the Unruh CRA and CDPA, which borrow the same standards from the ADA. Plaintiffs have identified elements required to state a claim under the ADA and the underlying allegations supporting each element. *Defendant does not dispute the elements as identified by Plaintiffs, nor does it substantively argue that these allegations do not satisfy each element.* Rather, Defendant seems to argue that its behavior was "not discriminatory" and/or justified because it "simply informed Plaintiffs that designated tables were not for use for the customers." (Reply at 1.) These are factual issues that are not suitable for resolution on a motion to dismiss.

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. Defendant shall respond to the FAC within twenty-one (21) days of the date of this Order.

This matter is hereby **REFERRED** for an ADR Phone Conference to occur within thirty (30) days.

---

in this section shall be construed to limit the access of any person in violation of that act." Cal Civ. Code § 54.1(d).

[4] Defendant's sole response to 28 C.F.R. section 36.304 is to state that the section is entitled "Removal of barriers" and to note that Plaintiffs did not request that Defendant "remove" tables, but rather, they "demanded" that the tables be re-arranged. Despite the fact that the section contains "[r]emoval" in the title, section 36.304(b)(4) explicitly lists "[r]earranging tables" as an example of a step that may be taken to remove barriers. The Court dismisses Defendant's argument without further discussion.

3

The Case Management Conference scheduled for December 2, 2013 is **CONTINUED** to January 27, 2014 at 2:00 p.m. in Courtroom 5.  The parties shall file a Joint Case Management Conference Statement in accordance with this Court's Standing Order in Civil Cases.

This Order terminates Dkt. No. 17.

**IT IS SO ORDERED**.

Date: November 22, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**